IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:  In Proceedings Under Chapter 7

JAMES MAJOR  Case No.: 06-16280
AKA JAMES LOUIS MAJOR, JR.

Debtor.

---

CLIFFORD HAWKINS, et al.  Adv. Proc. No. 07-01113

Plaintiffs,  JUDGE RANDOLPH BAXTER

v.

JAMES MAJOR
AKA JAMES LOUIS MAJOR, JR.

Defendant.

## MEMORANDUM OF OPINION AND ORDER

Before this Court is a motion (the "Motion") to vacate or modify the Judgment and Memorandum of Opinion ordered by this Court on November 21, 2007. The Motion was filed by James Louis Major, Jr. (the "Defendant") over the objection of Clifford Hawkins, Alena Hawkins, and Lannie's Hometown Distributors, Inc. (the "Plaintiffs"). This Court acquires core matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(I), 28 U.S.C. § 1334 and General Order No. 84 of the District.

After the conclusion of a duly noticed hearing held on January 15, 2008 and a review of the record in this proceeding, the following findings of fact and conclusions of law are hereby rendered.

*

In a November 21, 2007 Memorandum of Opinion and Order, this Court rendered judgment denying the Defendant's Motion for Leave to File Responses to Plaintiffs' Request for Admissions ("RFAs"), determining that the admissions sought by the Plaintiffs' were deemed admitted because the Defendant had failed to respond to the RFAs, or seek other relief, within the time limitations set forth in Federal Rule of Civil Procedure 36. On December 3, 2007, the Defendant filed the subject Motion, which was opposed by the Plaintiffs.

**

The issue presented before this Court is whether the Defendant's Motion provides this Court with a basis for altering its prior judgment.

***

The Defendant contends that this Court's Judgment misstates facts and therefore any conclusion reached did not take the proper facts into consideration. He asserts that the reason he did not file timely responses to the RFAs was because they were sent to the wrong address, i.e. to his closed law office address. He argues that the delay in receiving the RFAs resulted in his delay in responding to them. He also contends that, even if his responses to the RFAs were untimely, no dollar amount was specified in the State Court Judgment so inclusion of a $1.9 million figure in the Bankruptcy Court's order introduces a fact not recorded on the state court docket.

The Plaintiffs assert that the Defendant's Motion omits and misrepresents pertinent facts in an attempt to mislead this Court. Plaintiffs contend that the RFAs were, indeed, sent to both the Defendant and his attorney. Neither Defendant nor his counsel timely responded to the request. Additionally, the Plaintiffs argue that the State Court Judge awarded damages from the bench at a

hearing held two days prior to the filing of the Debtor's petition. The $1.9 million damages amount was recorded in a subsequent judgment entry. See Order and Judgment Entry, *Hawkins v. Major*, Cuyahoga County, Case No. CV-06-590029 (December 19, 2006).

\*\*\*\*

Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60(b), which provides:

> (b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

*Fed. R. Civ. P. 60(b)*.

\*\*\*\*\*

At the hearing held on September 5, 2007, this Court inquired of Defendant's counsel why the responses to the RFAs were not timely filed. There was no mention of the Defendant's present contention that the RFAs were sent to the "wrong address". Instead, Defendant's counsel responded that the Defendant was in the process of closing his law office and his car was stolen with the case file in it, which resulted in a delay in getting the answers to the RFAs returned.

3

Courts have recognized the following bases for amending an earlier judgment:

(1) to accommodate an intervening change in controlling law;
(2) to account for new evidence not available at trial; or
(3) to correct a clear error of law or to prevent a manifest injustice.

*In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991). Additionally, courts have held that relief from judgment is not "intended to give an unhappy litigant one additional chance to sway the judge." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

In this Circuit, courts must apply Rule 60(b) "equitably and liberally ... to achieve substantial justice." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir.1983). A decision to grant or deny a Rule 60(b) motion is within the discretion of the trial court. *Eglinton v. Loyer (In re G.A.D., Inc.)*, 340 F.3d 331, 334 (6th Cir.2003) (citing *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957)); see *In re Roxford Foods, Inc.*, 12 F.3d 875 (9th Cir.1993).

Rule 60(b)(3) provides for relief from a final judgment due to "fraud ... misrepresentation, or other misconduct of an adverse party." *Fed.R.Civ.P. 60(b)(3)*. In order to have his case reconsidered, the Defendant has to "show by clear and convincing evidence that misbehavior falling into one or more of the three categories set out in Rule 60(b)(3) has occurred." *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *8 (6th Cir.1996). The burden then shifts to the non-moving party "to demonstrate by clear and convincing evidence that the misbehavior which occurred had no prejudicial effect on the outcome of the litigation." Id.

4

Although there is mention of Rule 60(b)(3) in the Defendant's Motion in alleging misconduct on the part of Plaintiffs for sending the RFAs to the "wrong address", it is not clear under which provision of the rule he seeks relief from judgment. Regardless, the arguments put forth in Defendant's Motion provide this Court with no basis for altering its judgment. There has been no demonstration of an intervening change in controlling law; the Defendant has not set forth newly discovered evidence in support of his position; and the Defendant has not demonstrated a clear error of law or manifest injustice.

The court's docket reflects that the Defendant's law office address was the mailing address of record along with that of his counsel, Mr. Hobt. No change of address notice was recorded during the pendency of this case.

When this Court granted Plaintiffs' Motion for Summary Judgment [in a separate but related opinion] the issue of the pre-petition & post-petition dates on the State Court Judgment Entry was addressed as follows:

> Furthermore, the Debtor's contention that the state court judgment should not be given preclusive effect because it was recorded post-petition is not well-premised. It is undisputed that the state court made a bench ruling at the conclusion of the trial held pre-petition on December 13, 2006. Within days after such bench ruling, the judgment was entered for filing purposes. The fact that the Debtor-Defendant filed for bankruptcy within two days after the state court trial and before the recording of the judgment entry is remarkable. The automatic stay is one of the most important debtor protections received upon filing a petition for bankruptcy to prevent further action against him for recovery on a debt, however, it is not to be used as a "trump card played after an unfavorable result was reached in state court". *In re Calder*, 907 F.2d 953, 956 (10th Cir. 1990); see also *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 911 (6th Cir. 1993).

5

The Defendant's Motion has not provided this Court with any basis for altering its prior decision. As the relief sought is within the Court's discretion, such discretion is not warranted herein.

******

Accordingly, the Defendant's Motion is hereby denied, and the Plaintiffs' objection is sustained. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

Dated, this 18th day of
January 2008

JUDGE RANDOLPH BAXTER
UNITED STATES BANKRUPTCY COURT

6